FLOWER *v.* BLECKWEN, Receiver of Taxes.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

TAXATION—SALE FOR TAXES—MANDAMUS TO COMPEL.

Under Laws N. Y. 1874, c. 326, providing that no warrant shall be issued or required for the collection of any assessments under this act, nor shall any warrant be issued for any sale of lands for non-payment of such assessments until 10 years after the filing of such assessment roll," and amendatory acts, the receiver of taxes of Long Island City may be compelled by *mandamus* to sell lots on which any assessment remains unpaid at the expiration of 10 years from the filing of the assessment roll affecting such lots, without the issuance of any warrant to him therefor.

Appeal from special term, Queens county; E. M. CULLEN, Justice.

Laws N. Y. 1874, c. 326, § 5, provides that "no warrant shall be issued or required for the collection of any assessments under this act; nor shall any warrant be issued for any sale of lands for non-payment of such assessments until ten years after the filing of such assessment roll."

W. J. Foster, for appellant. J. Ralph Burnett, for respondent.

DYKMAN, J. This is an appeal from an order made at special term directing the issuance of a peremptory *mandamus* to Frederick W. Bleckwen, the receiver of taxes of Long Island City, commanding him to sell such parcels of

land as are liable to sale for assessments levied under chapter 326 of the Laws of 1874, entitled "An act to provide for the improvements in and adjoining the First ward of Long Island City," and the several acts amendatory thereof, and supplementary thereto. The defendant insists upon the necessity of the issuance of a warrant to him before he can be required to make the sale contemplated by the statute. A careful examination of the statute satisfies us that no warrant is essential, and that all lots on which any assessment remains unpaid at the expiration of 10 years from the filing of the assessment roll affecting such lots shall be advertised and sold for the payment of unpaid assessments, and that the defendant requires no warrant for such advertisement and sale. The order appealed from should be affirmed, with $10 costs and disbursements.